66 F.3d 338
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Anthony Ray JENKINS, Plaintiff-Appellant,
v.
Jill BURTZLOFF, Social Worker; Linda Trigg, Lawyer for
S.R.S., Defendants-Appellees.
 No. 95-3031.
 United States Court of Appeals,
 Tenth Circuit.
 Sept. 15, 1995.
 
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. We grant plaintiff Anthony Ray Jenkins' motion for leave to proceed in forma pauperis on appeal without payment of costs or fees in order to reach the merits of his claims.
 
 
 2
 Plaintiff appeals the dismissal of his 42 U.S.C.1983 complaint against Jill Burtzloff, an employee of the Kansas Department of Social and Rehabilitation Services (SRS), and Linda Trigg, an attorney and guardian ad litem for plaintiff's minor child, for their actions in connection with a child in need of care case. Plaintiff alleges that he was subjected to unreasonable search and seizure and double jeopardy, and denied due process. The complaint also contains charges of malicious prosecution and false imprisonment. The district court dismissed the case without prejudice because plaintiff apparently had not exhausted his state remedies and his allegations are more properly brought first pursuant to a petition for writ of habeas corpus, 28 U.S.C. 2254.
 
 
 3
 The district court was correct that a habeas petition and exhaustion of state court remedies is necessary insofar as plaintiff seeks release from custody and raises claims of double jeopardy and the like. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). For such a claim he has also sued the wrong defendants. Insofar as the suit seeks recovery of monetary damages against the named defendants it is properly characterized as a 1983 suit. But it appears defendant Burtzloff of the SRS was acting as a prosecutor or witness, or both, and in such capacities has absolute immunity from suit. See DiCesare v. Stuart, 12 F.2d 973, 977 (10th Cir.1994) (prosecutor enjoys absolute immunity for actions taken during judicial proceedings); Briscoe v. LaHue, 460 U.S. 325, 329-33 (1983) (witnesses are protected from suit by absolute immunity). If, as the complaint characterizes here, defendant Trigg was an SRS attorney she is entitled to the same absolute immunity. If, on the other hand, she was an appointed guardian ad litem for the child, she is not a state actor subject to a suit under 1983. Thus, the court should have dismissed the 1983 action with prejudice.
 
 
 4
 We, therefore, AFFIRM the dismissal without prejudice insofar as it relates to a claim for habeas relief. We AFFIRM the dismissal of the 1983 complaint, but direct that the dismissal is with prejudice. IT IS SO ORDERED.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470